MICHAEL R. AYERS, ESQ.
Nevada Bar No. 10851
CHRISTOPHER LUND, ESQ.
Nevada Bar No. 12435
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: mayers@grsm.com
          tlund@grsm.com

*Attorneys for Defendants*
*Universal Protection Service LLC*
*D/B/A Allied Universal Event Service and*
*Universal Protection Service, LP*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FREDRICK SHOCKLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PROTECTION SERVICE, LLC, a Delaware limited-liability company; UNIVERSAL PROTECTION SERVICE, LP, a California limited partnership,<br><br>Defendants. | Case No.: 2:26-cv-00144<br><br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

**I.    PURPOSE AND SCOPE**

1.    This Stipulated Protective Order ("Order") governs the handling, use, disclosure, and protection of the documents and information identified as the "United Protection Sensitive Materials" and any related materials, including derivatives and summaries, produced or exchanged in this civil litigation (collectively, "Protected Material"). The Parties acknowledge that Protected Material may contain proprietary, confidential, or trade secret information, and that protection is necessary to prevent harm from public disclosure.

2.    This Order applies to all Parties to this action, their counsel of record, retained experts and consultants, vendors, witnesses, the Court and its personnel, and any other persons who receive

or access Protected Material pursuant to this Order.

**II.     DEFINITIONS**

3.   "Producing Party" means any person or entity that produces Protected Material in this action.

4.   "Receiving Party" means any person or entity that receives Protected Material in this action.

5.   "United Protection Sensitive Materials" means the documents identified by the Producing Party as United Protection Sensitive Material and any associated policies, procedures, manuals, guidelines, appendices, updates, revisions, training materials, employee personnel files, employee disciplinary records, and similar documents, whether in paper or electronic form, and any copies, extracts, notes, compilations, or summaries derived therefrom.

6.   "Confidential" means Protected Material designated by the Producing Party in good faith as non-public and subject to protection under this Order.

7.   "Outside Counsel of Record" means attorneys who have appeared in this action on behalf of a Party, and their associated attorneys, paralegals, and staff.

8.   "Expert" means a person with specialized knowledge or experience retained by a Party or its counsel to serve as an expert or consultant in this action, who is not a current officer, director, or employee of a Party and who agrees to be bound by this Order.

**III.     DESIGNATION OF PROTECTED MATERIAL**

9.   The Producing Party may designate material as "Confidential" by clearly marking each page, file name, or medium with "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or by written designation that reasonably identifies the material so designated.

10.  Inadvertent failure to designate material as Confidential at the time of production shall not, standing alone, waive the Producing Party's right to later designate the material as Confidential. Upon correction of a designation, the Receiving Party shall make reasonable efforts to retrieve, re-label, and treat the material in accordance with the corrected designation from that point forward.

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV  89101

-2-

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

11. Any Party who in good faith believes material has been over designated or undesignated may challenge the designation by written notice to the Producing Party. The Parties shall confer in good faith to resolve the dispute. If unresolved, the challenging Party may seek appropriate relief from the Court. Until the Court rules, the material shall be treated in accordance with the Producing Party's designation.

## IV.    PERMITTED DISCLOSURES

12. Protected Material designated as Confidential may be disclosed only to the following persons, solely for purposes of prosecuting, defending, or attempting to settle this litigation, and only to the extent reasonably necessary:

a) The Court, court personnel, and any appellate court, subject to Section VIII regarding filings under seal;

b) Outside Counsel of Record for the Parties, including attorneys, paralegals, translators, e-discovery vendors, and support staff;

c) In-house counsel for the Parties with responsibility for managing this litigation, provided they assent in writing to be bound by this Order;

d) Parties and, for corporate Parties, designated representatives necessary to assist counsel, each of whom shall assent in writing to be bound by this Order;

e) Retained Experts and their staff, provided they execute the Acknowledgment in Exhibit A before receipt of any Protected Material;

f) Court reporters, videographers, and their staff retained for depositions or court proceedings, who shall be informed of this Order;

g) Professional jury or trial consultants and mock jurors, if any, who execute the Acknowledgment in Exhibit A and are advised that they may not retain Protected Material after the conclusion of their work;

h) Authors, recipients, or custodians identified on the face of a document, or witnesses during deposition or testimony to the extent reasonably necessary and provided they execute the Acknowledgment in Exhibit A, unless the witness is a current employee of an adverse competitor and the Producing Party objects for good cause shown;

-3-

i) Any other person upon written consent of the Producing Party or by order of the Court, who executes the Acknowledgment in Exhibit A.

## V.    HANDLING, STORAGE, AND SECURITY

13.  The Receiving Party shall exercise at least the same degree of care to protect Protected Material as it would for its own confidential information of similar sensitivity, but in no event less than reasonable care.

14.  Protected Material shall be stored and maintained in a secure manner that limits access to persons authorized under this Order. Electronic Protected Material shall be stored on secure systems using industry-standard access controls; physical Protected Material shall be kept in locked files or otherwise secured when not in use.

15.  No Protected Material may be copied, reproduced, scanned, photographed, or otherwise duplicated except as reasonably necessary for this litigation and consistent with this Order. All copies shall be treated as Protected Material.

16.  If Protected Material is transmitted electronically, the Receiving Party shall use reasonable measures, including encrypted transmission where feasible, to protect against unauthorized access.

## VI.    USE RESTRICTIONS

17.  Protected Material shall be used solely for purposes of this litigation, including any appeals, and for no other purpose, including without limitation any business, commercial, competitive, or personal purpose.

18.  Nothing in this Order restricts a Party from using or disclosing its own information or information obtained lawfully from a source not subject to this Order and without violation of any other obligation of confidentiality.

## VII.    DEPOSITIONS AND TESTIMONY

19.  Deposition testimony that discusses or reveals Protected Material shall be designated Confidential on the record or by written notice within [14] days after receipt of the transcript. Until the expiration of that period, the entire transcript shall be treated as Confidential.

20.  Exhibits containing Protected Material used during depositions shall be marked and

-4-

handled as Confidential under this Order.

**VIII.   FILING UNDER SEAL**

21.  A Party that seeks to file Protected Material with the Court shall comply with applicable rules and procedures governing filings under seal. The Parties shall use best efforts to minimize sealing by redacting non-confidential information where practicable.

22.  Nothing in this Order guarantees that the Court will grant a motion to seal. If sealing is denied, the Parties shall promptly meet and confer to determine appropriate alternatives to protect confidentiality.

**IX.      SUBPOENAS OR ORDERS IN OTHER LITIGATION**

23. If a Receiving Party is served with a subpoena, court order, or other legal process in another proceeding that compels disclosure of any Protected Material, the Receiving Party shall, to the extent permitted by law, promptly notify the Producing Party in writing, provide a copy of the legal process, and cooperate in good faith to allow the Producing Party an opportunity to seek protection. The Receiving Party shall not produce Protected Material before [7] days after providing such notice unless required by law or court order.

**X.       INADVERTENT DISCLOSURE; CLAWBACK**

24.  If Protected Material is inadvertently disclosed to any person not authorized by this Order, the Receiving Party shall promptly notify the Producing Party, take reasonable steps to retrieve the material, and prevent further disclosure.

25.  Inadvertent production of privileged or work-product material is not a waiver if the Producing Party provides written notice promptly upon discovery. Upon such notice, the Receiving Party shall return, sequester, or destroy the identified material and all copies, and shall not use or disclose the material until the claim is resolved. The Parties shall confer in good faith to address any disputes.

**XI.      FINAL DISPOSITION; RETURN OR DESTRUCTION**

26. Within [60] days after final termination of this action, including any appeals, each Receiving Party shall, at the Producing Party's election, return or destroy all Protected Material and all copies, extracts, and summaries thereof, including material provided to Experts or

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV  89101

vendors, and shall certify in writing compliance with this Section. Counsel may retain archival copies of pleadings, motion papers, transcripts, exhibits, expert reports, legal memoranda, correspondence, and attorney work product that contain or reflect Protected Material, which shall remain subject to this Order.

**XII.    NO WAIVER; RESERVATION OF RIGHTS**

29.  This Order does not alter any applicable legal burdens or standards concerning discovery or privilege, nor does it constitute a ruling on the admissibility of any document or information. All rights to object to discovery or to seek additional protection are reserved.

30.  Designation of material as Confidential is without prejudice to any Party's right to seek a determination from the Court that such material is not entitled to protection, or to seek additional protections for particularly sensitive materials.

**XIII.   MODIFICATION**

31. This Order may be modified only by written stipulation of the Parties approved by the Court, or by motion and order of the Court for good cause shown.

**XIV.   DURATION**

32. The confidentiality obligations imposed by this Order shall remain in effect after the final termination of this action unless otherwise ordered by the Court.

**XV.    EXECUTION IN COUNTERPARTS**

33. This Order may be executed in counterparts and by electronic signatures, each of which shall be deemed an original and all of which together shall constitute one instrument.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

-6-

**IT IS SO STIPULATED**.

Dated this 16 day of June, 2026.

**GREENBERG GROSS LLP**

*/s/ Marian L. Massey (w/permission)*

Jemma E. Dunn, Esq.
Nevada Bar No. 16229
Matthew T. Hale
Nevada Bar No. 16880
Marian L. Massey
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*
*Fredrick Shockley*

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Christopher Lund*

Michael R. Ayers, Esq.
Nevada Bar No. 10851
Christopher Lund, Esq.
Nevada Bar No. 12435
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*Universal Protection Service LLC*
*D/B/A Allied Universal Event Service and*
*Universal Protection Service, LP*

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

**<u>EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>**

The undersigned, _____, hereby acknowledges receipt of that certain Protective Order entered in Case No. 2:26-cv-00144-CNS-STV, *Fredrick Shockley v. Universal Protection Service, LLC and Universal Protection Service, LP*, U.S. District Court for the District of Nevada.  I have reviewed that Protective Order and hereby agree to be bound by the terms thereof.


Date:    _____


By:      _____


**IT IS SO ORDERED** this 16th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV  89101

-8-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2026, a true and correct copy of the foregoing STIPULATION AND [PROPOSED] PROTECTIVE ORDER was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record:

JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MMassey@GGTrialLaw.com*

*/s/ Tammy Kassen*
An Employee of GORDON REES
SCULLY MANSUKHANI, LLP

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

-9-